**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



Dated: February 19 2010

Mary Ann Whipple
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 09-37220 |
| | ) | |
| Anna Sue Ray | ) | Chapter 7 |
| | ) | |
| | ) | |
| | ) | JUDGE MARY ANN WHIPPLE |
| Debtor(s). | ) | |

### ORDER DENYING MOTION TO APPROVE REAFFIRMATION AGREEMENT

This case is before the court upon a Motion for Approval of a Reaffirmation Agreement, [Doc. #19], filed by creditor The Huntington National Bank sbmt Sky Bank ("Creditor"). The Reaffirmation Agreement with Debtor for which approval is sought in the motion was also separately filed by the creditor. [Doc. #18]. The motion will be denied.

As an initial matter, the statute contemplates that motions for approval of reaffirmation agreements under certain circumstances be made by the reaffirming debtor, not by the reaffirming creditor. *See* 11 U.S.C. § 524(k)(7),(8). Creditor lacks statutory standing to file the motion.

There are also other statutory grounds for denying the motion. The Reaffirmation Agreement relates to a debt secured by Debtor's home upon which the Creditor has a mortgage lien. Part C of the Reaffirmation Agreement was not signed by counsel for Debtor, requiring a hearing under 11 U.S.C. § 524(d). The court also found a presumption of undue hardship that was not rebutted to the satisfaction of the court. The hearing was also set under 11 U.S.C. § 524(m). The hearing was duly noticed for February

18, 2010. Debtor did not appear for the hearing. The court therefore did not hold the required hearing. The court did not inform Debtor as required by 11 U.S.C. § 524(d)(1) and the presumption of undue hardship has not been rebutted to the satisfaction of the court. A separate order disapproving the Reaffirmation Agreement under 11 U.S.C. § 524(m) will be entered by the court.

Moreover, even if Debtor had appeared, the court would not grant this motion. The Reaffirmation Agreement involves reaffirmation of consumer debt secured by real property of Debtor. All that is required under the statute with respect to such agreements where a debtor is unrepresented is that the court inform the Debtor as required by 11 U.S.C. § 524(d)(1). No separate determination under 11 U.S.C. § 524(c)(6) is required due to the exception of real property therefrom by § 524(c)(6)(B) and (d)(2). While court approval of a reaffirmation agreement that is not signed by counsel for a debtor is required in order for reaffirmation of a debt secured by personal property to be enforceable, *see* 11 U.S.C. § 524(c)(6), (d)(1), bankruptcy courts are not required to approve and indeed are not authorized to either approve or disapprove such agreements under § 524(c)(6) and (d), an exception presumably added to the Bankruptcy Code at the behest of residential mortgage lenders such as Creditor.

Lastly, the motion seeks approval of the Reaffirmation Agreement under § 524(m). Bankruptcy courts are not required under § 524(m) or any other part of the statute to approve affirmatively every agreement where a presumption of undue hardship is shown on Part D of the document. Rather, courts are given the discretion to disapprove such agreements only after notice and a hearing if the presumption is not rebutted to the court's satisfaction.

**IT IS THEREFORE ORDERED** that the Motion for Approval of a Reaffirmation Agreement [Doc. #19] filed by creditor The Huntington National Bank sbmt Sky Bank is **DENIED**.